```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

HOWARD STEVEN AULT,

        Plaintiff,

v.     Case No. 3:20-cv-1279-J-34PDB

MARK INCH, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Howard Steven Ault, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Complaint (Complaint; Doc. 1) pursuant to 42 U.S.C. § 1983, a Motion for Temporary Restraining Order and Preliminary Injunction (Motion; Doc. 2), and a request to proceed in forma pauperis (Doc. 3).

In the Complaint, Plaintiff asserts he has been incarcerated since March 15, 2000, and has suffered from chronic back and leg pain for twenty years. Complaint at 7-9. He contends that while he was housed at Broward County Jail between June 20, 2018, and January 30, 2020, medical personnel at the jail prescribed him additional medications and medical passes to help with his ailments. Id. at 7. However, according to Plaintiff, Union Correctional Institution (UCI) personnel refused to continue all the additional prescriptions after Plaintiff's return to UCI on

January 30, 2020. Id. at 7-8. Plaintiff acknowledges that UCI medical has evaluated him on numerous occasions since his return but asserts that they insist on prescribing "inferior and notoriously ineffective pain medications." Id. at 9-10. Plaintiff further avers he submitted medical grievances requesting that prison officials recognize his prior medical passes and prescriptions, but Defendants denied those requests and erroneously advised Plaintiff that he had to submit a sick call for such relief. Id. at 10-11. He contends that Defendants' denial of proper medical treatment has subjected him to cruel and unusual punishment, and their retaliatory denial of his medical grievances violated his First Amendment rights. Id. at 15.

In the Motion, Plaintiff requests that the Court direct all Department personnel to refrain from all forms of retaliation and further direct Defendants to have Plaintiff evaluated and treated for his chronic medical conditions. See generally Motion.

The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs

> whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert. denied, 139 S.Ct. 208 (2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff has failed to carry his burden. Therefore, his request is due to be denied.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: Case Nos. (1) 00-6184-Civ-FERGUSON (S.D. Fla.) (failure to state a claim); (2) 3:02-cv-845-J-25HTS (frivolous); (3) 3:02-cv-880-J-21HTS (abuse of judicial process);[1] (4) 06-60565-CIV-MORENO (S.D. Fla.) (failure to state a claim); and (5) 06-60605-CIV-DIMITROULEAS (S.D. Fla.) (failure to state a claim).

Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. See McLeod v. Jones, No. 4:15cv188-RH/GRJ, 2015 WL 2208780, at *1 (N.D. Fla. May 8, 2015) ("A prisoner's disagreement with a physician's good-faith determination of the proper course of treatment . . . does not, without more establish an Eighth Amendment violation. And an inmate who is being treated in accordance with such good-faith determination is not in imminent danger of physical injury . . . ."). Plaintiff may initiate a new

---

[1] In Rivera, the court found that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

civil rights action by filing a new civil rights complaint form and paying the full $400.00 filing fee.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

caw 11/24
c:
Howard Steven Ault, #664697